**LITTLER MENDELSON, P.C.**
William P. McLane (NJ Bar No. 034481996)
Jonathan M. Carrillo, Esq. (NJ Bar No. 032272012)
Jessica C. Pooran, Esq. (NJ Bar No. 336962021)
One Newark Center, 8th Floor
Newark, New Jersey 07102
973.848.4700
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ELIZABETH HANNA,<br><br>                    Plaintiff,<br><br>vs.<br><br>AMERICAN DIABETES ASSOCIATION, NICOLE JOHNSON, JOHN DOES 1-10, AND JANE DOES 1-10<br><br>                    Defendants. | Civil Action No. 2:23-cv-22458-MCA-AME<br><br><br><br>**ANSWER AND**<br>**SEPARATE DEFENSES** |

Defendants American Diabetes Association ("ADA"), Dr. Nicole Johnson ("Dr. Johnson" and together with the ADA, collectively, "Defendants") respond to the allegations in the Verified Complaint ("the Complaint") of Plaintiff Elizabeth Hanna ("Plaintiff" or "Hanna") as follows:

**AS TO THE PRELIMINARY STATEMENT**

1.     Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2.     Defendants admit, upon information and belief, the allegations regarding Plaintiff's credentials, but deny any and all remaining allegations contained in Paragraph 2 of the Complaint

3.     Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4.     Defendants deny the allegations contained in Paragraph 4 of the Complaint.

## AS TO PARTIES AND JURISDICTION

5.      Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6.      Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7.      Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8.      Paragraph 8 is not directed at Defendants and therefore no response is required.

9.      Paragraph 9 is rendered moot by Defendants timely removal of this action and therefore no response is required.

10.     Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11.     Defendants deny the allegations contained in Paragraph 11 of the Complaint.

## AS TO SUMMARY OF THE ACTION

12.     Defendants deny the allegations contained in Paragraph 12 and further deny that Plaintiff's characterization about Hollywood movies are reflective of the American public.

13.     Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14.     Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15.     Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.     Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in Paragraph 17 of the Complaint.

## AS TO FACTUAL BACKGROUND

18.     Defendants admit the allegations contained in Paragraph 18 of the Complaint.

19.     Defendants admit the allegations contained in Paragraph 19 of the Complaint.

20.     Defendants admit the allegations contained in Paragraph 20 of the Complaint.

21.     Defendants admit the allegations contained in Paragraph 21 of the Complaint.

22.     Defendants admit the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants admit the allegations contained in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of the Complaint except to admit that the ADA employed Plaintiff beginning in or around January 2023.

26.     Defendants admit the allegations contained in Paragraph 26 of the Complaint.

27.     Defendants lack sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 27 of the Complaint.

28.     Defendants, upon information and belief, admit the allegations contained in Paragraph 28 of the Complaint.

29.     Defendants lack sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 29 of the Complaint.

30.     Defendants lack sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 30 of the Complaint.

31.     Defendants lack sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 31 of the Complaint.

32.     Defendants lack sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of the Second Amended Complaint.

34.     Paragraph 34 is not directed at Defendants and therefore no response is required.

35.     The CDC website speaks for itself and therefore no further response is required.

36.     The Reuters website speaks for itself and therefore no further response is required.

37.     The White House Fact Sheet speaks for itself and therefore no further response is required.

38.     The White House Fact Sheet speaks for itself and therefore no further response is required.

39.     The White House Fact Sheet speaks for itself and therefore no further response is required.

40.     The allegations in Paragraph 40 of the Complaint contain a legal conclusion for which no answer is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 40 of the Complaint.

41.     Defendants lack sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 41of the Complaint regarding Plaintiff's dreams and thoughts.

42.     Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.     Defendants admit the allegations contained in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.     Defendants admit that the Associate Director of Nutrition resigned, but deny the remaining allegations contained in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.     Plaintiff's job description speaks for itself and therefore no further response is required.

50.     Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.     Defendants admit the allegations contained in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.    Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.    Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56.    Defendants lack sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 56 of the Complaint.

57.    Defendants lack sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 57 of the Complaint.

58.    The NBC News website speaks for itself and therefore no further response is required.

59.    The NBC News website speaks for itself and therefore no further response is required.

60.    The NBC News website speaks for itself and therefore no further response is required.

61.    The DiabetesJournals.org website speaks for itself and therefore no further response is required.

62.    The WHO website speaks for itself and therefore no further response is required.

63.    The NSS guidelines speak for themselves and therefore no further response is required.

64.    The WHO speaks for itself and therefore no further response is required.

65.    Defendants lack sufficient information or knowledge to either admit or deny what duly concerned Plaintiff, but denied the remaining allegations contained in Paragraph 65 of the Complaint.

66.    Defendants deny that Plaintiff had the authority to approve recipes and state that the Splenda website quoted speaks for itself and therefore no further response is required.

67.     The webpage referenced in Paragraph 67 speaks for itself and no further response is required.

68.     Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70.     Defendants lack sufficient information or knowledge to either admit or deny what Plaintiff believed.

71.     Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75.     Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76.     Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77.     Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80.     Defendants deny the allegations contained in Paragraph 80 of the Complaint

81.     Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82.     Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations contained in Paragraph 84 of the Complaint

85.     Defendants admit the allegations contained in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87.     Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88.     Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89.     Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90.     Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91.     Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93.     Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94.     Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95.     Defendants admit the allegations contained in Paragraph 95 of the Complaint.

96.     Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97.     Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98.     Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99.     Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100.    Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101.    Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103.    Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104.    Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105.    The October 3, 2023, email referenced in Paragraph 105 of the Complaint speaks for itself and no further response is required.

106.    Defendants admit the allegations contained in Paragraph 106 of the Complaint.

107.    Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108.    Defendants lack sufficient information or knowledge to either admit or deny whether Plaintiff was shocked. Defendants deny the remaining allegations contained in Paragraph 108.

109.    Defendants deny the allegations contained in Paragraph 109 of the Complaint.

110.    Defendants deny the allegations contained in Paragraph 110 of the Complaint.

111.    Defendants deny the allegations contained in Paragraph 111 of the Complaint.

112.    Defendants admit Plaintiff wanted to speak to an attorney regarding her deficient performance, but deny the remaining allegations contained in Paragraph 112 of the Complaint.

113.    Defendants deny the allegations contained in Paragraph 113 of the Complaint, except to admit that the ADA discharged Plaintiff on October 6 due to her continued deficient performance.

114.    Defendants deny the allegations contained in Paragraph 114 of the Complaint.

115.    Defendants deny the allegations contained in Paragraph 115 of the Complaint.

116.    Defendants lack sufficient information or knowledge to admit or deny the allegations related to Plaintiff's actions when viewing ADA documents.  Defendants deny the remaining allegations contained in Paragraph 116.

117.    Defendants deny the allegations contained in Paragraph 117 of the Complaint.

118.    Defendants lack sufficient information or knowledge to ether admit or deny the allegations contained in Paragraph 118.

119.    Defendants deny the allegations contained in Paragraph 119 of the Complaint.

120.    Defendants lack sufficient information or knowledge to ether admit or deny the allegations contained in Paragraph 120 of the Complaint related to Plaintiff's financial condition,

her inability to find work or her child daycare issues.  Defendants deny the remaining allegations contained in Paragraph 120.

121.    Defendants deny the allegations contained in Paragraph 121 of the Complaint.

## AS TO COUNT ONE

122.    Defendants repeat and incorporate their responses to the preceding paragraphs of the Complaint as if fully set forth herein.

123.    Defendants deny the allegations contained in Paragraph 123 of the Complaint.

124.    Defendants admit that CEPA was enacted in 1986, but neither admits nor denies its breadth as compared to statute in other states.

125.    Paragraph 125 of the Complaint is a legal conclusion to which no response is required.

126.    Paragraph 126 of the Complaint is a legal conclusion to which no response is required.

127.    Paragraph 127 of the Complaint is a legal conclusion to which no response is required.

128.    Defendants deny the allegations contained in Paragraph 128 of the Complaint.

129.    Defendants deny the allegations contained in Paragraph 129 of the Complaint.

130.    Defendants deny the allegations contained in Paragraph 130 of the Complaint.

131.    Defendants deny the allegations contained in Paragraph 131 of the Complaint.

132.    Defendants admit that CEPA protects legitimate whistleblowers, but deny the remaining allegations contained in Paragraph 132.

133.    Defendants deny the allegations contained in Paragraph 133 of the Complaint.

134.    Defendants deny the allegations contained in Paragraph 134 of the Complaint.

135.    Defendants deny the allegations contained in Paragraph 135 of the Complaint.

136.    Defendants deny the allegations contained in Paragraph 136 of the Complaint.

137.    Defendants deny the allegations contained in Paragraph 137 of the Complaint.

138.    Defendants deny the allegations contained in Paragraph 138 of the Complaint.

139.    Defendants deny the allegations contained in Paragraph 139 of the Complaint.

140.    Defendants deny the allegations contained in Paragraph 140 of the Complaint.

141.    Defendants deny the allegations contained in Paragraph 141 of the Complaint.

142.    Defendants deny the allegations contained in Paragraph 142 of the Complaint.

143.    Defendants admit the allegations contained in Paragraph 143 of the Complaint.

144.    Defendants deny the allegations contained in Paragraph 144 of the Complaint.

145.    Defendants deny the allegations contained in Paragraph 145 of the Complaint.

146.    Defendants deny the allegations contained in Paragraph 146 of the Complaint.

147.    Defendants deny the allegations contained in Paragraph 147 of the Complaint.

148.    Defendants deny the allegations contained in Paragraph 148 of the Complaint.

149.    Defendants deny the allegations contained in Paragraph 149 of the Complaint.

150.    Paragraph 150 of the Complaint contains legal conclusions to which no response is required.

151.    Defendants deny the allegations contained in Paragraph 151 of the Complaint.

152.    Paragraph 152 of the Complaint contains legal conclusions to which no response is required.

153.    Defendants deny the allegations contained in Paragraph 153 of the Complaint.

To the extent that the WHEREFORE clause contains any factual allegations that require a response, Defendants deny them.  In particular, Defendants deny that Plaintiff is entitled to any

damages, including but not limited to compensatory or punitive damages, pre-judgment and post-judgment interest, post-judgment interest, costs of suit, attorneys' fees, or any other relief.

## AS TO COUNT TWO

154.    Defendants repeat and incorporate their responses to the preceding paragraphs of the Complaint as if fully set forth herein.

155.    Defendants deny the allegations contained in Paragraph 155 of the Complaint.

156.    Defendants admit the allegations contained in Paragraph 156 of the Complaint.

157.    Defendants neither admit nor deny the allegations in Paragraph 157 of the Complaint as they are legal conclusions to which no response is required.

158.    Defendants neither admit nor deny the allegations in Paragraph 158 of the Complaint as they are legal conclusions to which no response is required.

159.    Defendants neither admit nor deny the allegations in Paragraph 159 of the Complaint as they are legal conclusions to which no response is required.

160.    Defendants neither admit nor deny the allegations in Paragraph 160 of the Complaint as they are legal conclusions to which no response is required.

161.    Defendants neither admit nor deny the allegations in Paragraph 161 of the Complaint as they are legal conclusions to which no response is required.

162.    Defendants deny the allegations contained in Paragraph 162 of the Complaint.

163.    Defendants deny the allegations contained in Paragraph 163 of the Complaint.

164.    Defendants deny the allegations contained in Paragraph 164 of the Complaint.

165.    Defendants deny the allegations contained in Paragraph 165 of the Complaint.

To the extent that the WHEREFORE clause contains any factual allegations that require a response, Defendants deny them.  In particular, Defendants deny that Plaintiff is entitled to any

damages, including but not limited to compensatory or punitive damages, pre-judgment and post-judgment interest, post-judgment interest, costs of suit, attorneys' fees, or any other relief.

**AS TO COUNT THREE**

166.    Defendants repeat and incorporate their responses to the preceding paragraphs of the Complaint as if fully set forth herein.

167.    Defendants deny the allegations contained in Paragraph 167 of the Complaint.

168.    Defendants neither admit nor deny the allegations in Paragraph 168 of the Complaint as they are legal conclusions to which no response is required.

169.    Defendants neither admit nor deny the allegations in Paragraph 169 of the Complaint as they are legal conclusions to which no response is required.

170.    Defendants deny the allegations contained in Paragraph 170 of the Complaint.

171.    Defendants deny the allegations contained in Paragraph 171 of the Complaint.

172.    Defendants deny the allegations contained in Paragraph 172 of the Complaint.

173.    Defendants neither admit nor deny the allegations in Paragraph 173 of the Complaint as they are legal conclusions to which no response is required.

174.    Defendants deny the allegations contained in Paragraph 174 of the Complaint.

175.    Defendants deny the allegations contained in Paragraph 175 of the Complaint.

176.    Defendants deny the allegations contained in Paragraph 176 of the Complaint.

177.    Defendants deny the allegations contained in Paragraph 177 of the Complaint.

178.    Defendants deny the allegations contained in Paragraph 178 of the Complaint.

179.    Defendants deny the allegations contained in Paragraph 179 of the Complaint.

180.    Defendants deny the allegations contained in Paragraph 180 of the Complaint.

181.    Defendants deny the allegations contained in Paragraph 181 of the Complaint.

182.    Defendants deny the allegations contained in Paragraph 182 of the Complaint.

183.     Defendants deny the allegations contained in Paragraph 183 of the Complaint.

184.     Defendants deny the allegations contained in Paragraph 184 of the Complaint.

185.     Defendants deny the allegations contained in Paragraph 185 of the Complaint.

186.     Defendants neither admit nor deny the allegations in Paragraph 186 of the Complaint as they are legal conclusions to which no response is required.

187.     Defendants deny the allegations contained in Paragraph 187 of the Complaint.

To the extent that the WHEREFORE clause contains any factual allegations that require a response, Defendants deny them.  In particular, Defendants deny that Plaintiff is entitled to any damages, including but not limited to compensatory or punitive damages, pre-judgment and post-judgment interest, post-judgment interest, costs of suit, attorneys' fees, or any other relief.

### AS TO COUNT FOUR

188.     Defendants repeat and incorporate their responses to the preceding paragraphs of the Complaint as if fully set forth herein.

189.     Defendants neither admit nor deny the allegations in Paragraph 189 of the Complaint as they are legal conclusions to which no response is required.

190.     Defendants neither admit nor deny the allegations in Paragraph 190 of the Complaint as they are legal conclusions to which no response is required.

191.     Defendants neither admit nor deny the allegations in Paragraph 191 of the Complaint as they are legal conclusions to which no response is required.

192.     Defendants neither admit nor deny the allegations in Paragraph 192 of the Complaint as they are legal conclusions to which no response is required.

193.     Defendants admit the allegations contained in Paragraph 193 of the Complaint.

194.     Defendants deny the allegations contained in Paragraph 194 of the Complaint.

195.     Defendants deny the allegations contained in Paragraph 195 of the Complaint.

196.    Defendants admit the allegations contained in Paragraph 196 of the Complaint.

197.    Defendants admit the allegations contained in Paragraph 197 of the Complaint.

198.    Plaintiff's counsel's October 27, 2023, email speaks for itself and therefore no further response is required.

199.    Defense counsel's November 3, 2023, email speaks for itself and therefore no further response is required.

200.    Defendants deny the allegations contained in Paragraph 200 of the Complaint.

201.    Defendants neither admit nor deny the allegations in Paragraph 201 of the Complaint as they are legal conclusions to which no response is required.

202.    Defendants deny the allegations contained in Paragraph 202 of the Complaint.

203.    Defendants deny the allegations contained in Paragraph 203 of the Complaint.

204.    Defendants deny the allegations contained in Paragraph 204 of the Complaint.

205.    Defendants deny the allegations contained in Paragraph 205 of the Complaint.

206.    Defendants deny the allegations contained in Paragraph 206 of the Complaint.

207.    Defendants deny the allegations contained in Paragraph 207 of the Complaint.

To the extent that the WHEREFORE clause contains any factual allegations that require a response, Defendants deny them.  In particular, Defendants deny that Plaintiff is entitled to any damages, including but not limited to compensatory or punitive damages, pre-judgment and post-judgment interest, post-judgment interest, costs of suit, attorneys' fees, or any other relief.

## AS TO COUNT FIVE

208.    Defendants repeat and incorporate their responses to the preceding paragraphs of the Complaint as if fully set forth herein.

209.    Defendants admit that Plaintiff purports to seek relief under the New Jersey Declaratory Act but denies that any such relief is warranted.

210.     Defendants admit the allegations contained in Paragraph 210 of the Complaint.

211.     Defendants deny the allegations contained in Paragraph 211 of the Complaint.

212.     Defendants deny the allegations contained in Paragraph 212 of the Complaint.

213.     Plaintiff's counsel's October 10, 2023, email speaks for itself and therefore no further response is required.

214.     Plaintiff's counsel's October 27, 2023, email speaks for itself and therefore no further response is required.

215.     Defense counsel's November 3, 2023, email speaks for itself and therefore no further response is required.

216.     Defendants deny the allegations contained in Paragraph 216 of the Complaint.

217.     Defendants neither admit nor deny the allegations in Paragraph 217 of the Complaint as they are legal conclusions to which no response is required.

218.     Defendants deny the allegations contained in Paragraph 218 of the Complaint.

219.     Defendants deny the allegations contained in Paragraph 219 of the Complaint.

220.     Defendants deny the allegations contained in Paragraph 220 of the Complaint.

To the extent that the WHEREFORE clause contains any factual allegations that require a response, Defendants deny them.  In particular, Defendants deny that Plaintiff is entitled to any damages, including but not limited to compensatory or punitive damages, pre-judgment and post-judgment interest, post-judgment interest, costs of suit, attorneys' fees, or any other relief.

## **GENERAL DENIAL**

Defendants deny any allegations contained in the Complaint to the extent not specifically admitted or denied herein.

## DEFENSES

Defendants hereby state the following defenses to the Complaint as follows, but do not assume the burden of proof of any such defenses except as required by applicable law with respect to the particular defense asserted.  Defendants further reserve the right to assert other additional defenses and/or otherwise to supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Complaint fails to state a claim upon which an award of attorneys' fees and expenses may be granted.

### THIRD DEFENSE

The Complaint fails to state a claim upon which punitive damages may be granted, and Defendants' good faith conduct and efforts to prevent and address unlawful discrimination, harassment and retaliation preclude such an award.

### FOURTH DEFENSE

All decisions regarding Plaintiff's employment were made for legitimate, non-discriminatory and non-retaliatory reasons.  Additionally, to the extent a discriminatory or retaliatory factor was a motivating factor – and it was not – Defendants would have taken the same action in the absence of that factor.

### FIFTH DEFENSE

Plaintiff's claims and rights, if any, against Defendants are barred, in whole or in part, by the equitable doctrines of estoppel and laches.

## SIXTH DEFENSE

Plaintiff's claims, or the damages Plaintiff may recover, are barred or at least reduced by Plaintiff's failure to mitigate damages.  Alternatively, if Plaintiff did mitigate alleged damages, Defendants are entitled to an offset, in the amount that Plaintiff received or earned, against any damages allegedly due to Plaintiff.

## SEVENTH DEFENSE

Insofar as Plaintiff purports to allege a claim or claims for negligence or for physical, or mental and emotional distress, including claims for recovery of any medical expenses thereby incurred, said claims are barred by the exclusive remedy provisions of the New Jersey Workers' Compensation Act, *N.J.S.A.* 34:15-1 *et seq.*

## EIGHTH DEFENSE

Plaintiff's damages, if any, are barred, in whole or in part, by Plaintiff's own conduct, misconduct, wrongful acts, and/or omissions or by parties over whom Defendants had no control or right of control and for whose actions Defendants are not liable.

## NINTH DEFENSE

Plaintiff's claims and rights, if any, against Defendants are barred, in whole or in part, by the doctrine of waiver.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants implemented, applied, and disseminated effective equal employment opportunity, non-discrimination, non-harassment and non-retaliation policies and procedures that expressly barred discrimination, harassment and retaliation of the kind alleged by Plaintiff, and contained specific explanations of Defendants'

complaint and investigation procedures, and otherwise exercised reasonable care  to prevent and promptly correct any unlawful discriminatory, harassing or retaliatory behavior.

## ELEVENTH DEFENSE

Defendants are not the proximate or actual cause of the damages alleged by Plaintiff and any damages suffered by Plaintiff were proximately caused by her own conduct (including, but not limited to, misconduct, wrongful acts and/or omissions of Plaintiff) and not the conduct of Defendants.

## TWELFTH DEFENSE

All actions or omissions by Defendants were taken in good faith, and with reasonable belief that such actions did not violate the  common law or any other law prohibiting employment discrimination or retaliation.

## THIRTEENTH DEFENSE

The Complaint is barred because Plaintiff has failed to establish that she had an objectively reasonable belief that a violation of a law, rule, regulation or clear mandate of public policy occurred and/or that Defendants actually violated a law, rule, regulation or clear mandate of public policy.

## FOURTEENTH DEFENSE

All employment decisions regarding Plaintiff were made because of legitimate, non-discriminatory and non-retaliatory factors and were not based on any discriminatory animus, retaliation, or improper motive.

## FIFTEENTH DEFENSE

The Complaint is barred because Defendants did not violate any law, rule, regulation or clear mandate of public policy.

## SIXTEENTH DEFENSE

Plaintiff does not allege any protected activity under the common law or any other law.

## SEVENTEENTH DEFENSE

Plaintiff's claims and/or requests for relief are barred, in whole or in part, by the after-acquired evidence doctrine.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not report her accusations, object to, or complain to Defendants or otherwise provide Defendants with an opportunity to investigate and take appropriate remedial action, if necessary.

## NINETEENTH DEFENSE

Defendants employed Plaintiff on an at-will basis and therefore, could terminate or change the conditions of her employment at any time, with or without cause or prior notice.

## TWENTIETH DEFENSE

The Complaint is barred, in whole or in part, by the applicable statutes of limitation.

## TWENTY-FIRST DEFENSE

Plaintiff's Complaint fails to allege any facts to demonstrate that Defendants' treatment of Plaintiff was pretext for discrimination or retaliation.

## TWENTY-SECOND DEFENSE

Plaintiff's Complaint is barred to the extent that, if any employee of Defendant ADA acted in a manner that violated Plaintiff's rights and/or caused her harm, any such actions were committed outside the scope or course of the employee's employment and without Defendant ADA's consent, knowledge or ratification.

**TWENTY-THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, by CEPA's waiver provision, *N.J.S.A.* 34:19-8.

**TWENTY-FOURTH DEFENSE**

Plaintiff cannot prove each and every *prima facie* element to maintain her CEPA claim or common law wrongful discharge claim under *Pierce v. Ortho Pharmaceutical Corp.*, 84 N.J 58 (1980).

**TWENTY-FIFTH DEFENSE**

Plaintiff's Complaint must fail because none of the conduct which Defendants are alleged to have engaged in is likely to deter a person from engaging in protected activity.

**TWENTY-SIXTH DEFENSE**

No causal connection exists between Plaintiff's alleged protected activity and any purported adverse employment actions.

**TWENTY-SEVENTH DEFENSE**

Plaintiff fails to state a clear mandate of public policy that Defendants violated.

**TWENTY-EIGHTH DEFENSE**

Plaintiff fails to state that she complained or opposed a public policy and has failed to identify a specific expression of public policy that Defendants violated.

**TWENTY-NINTH DEFENSE**

Plaintiff has failed to identify a mandate of public policy that is clearly identified and firmly grounded.

## THIRTIETH DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff was not subjected to any adverse employment action on the basis of any alleged protected classification or any alleged protected activity.

## THIRTY-FIRST DEFENSE

The Complaint fails to state a claim upon which emotional distress, attorney's fees, and/or punitive damages, may be granted.

## THIRTY-SECOND DEFENSE

Plaintiff's complaint must fail because she has failed to show she  was terminated contrary to a clear mandate of public policy, and Plaintiff has failed to identify the clear mandate of public policy, and/or that her discharge was in violation of that public policy.

## THIRTY-THIRD DEFENSE

Defendants reserve the right to raise any and all other defenses that may become evident during discovery or otherwise.

**WHEREFORE**, Defendants demand judgment against Plaintiff dismissing the Complaint in its entirety, with prejudice, and awarding Defendants costs, attorneys' fees, and such other and further relief as the Court deems just and proper.

## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to Rule 8.1 of the Local Civil Rules of the United Stated District Court for the District of New Jersey, Defendants demand a written statement of the amount of damages claimed by Plaintiff within fourteen days of service of the within Answer.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

The undersigned certifies and declares that the matter in controversy is not the subject of any other action pending in any other court, or of any pending arbitration or administrative proceeding contemplated by Defendants at this time.

## DESIGNATION OF TRIAL COUNSEL

William P. McLane, Esq. and Jonathan M. Carrillo, Esq. are designated as trial counsel.


**LITTLER MENDELSON, P.C.**
Attorneys for Defendants

By: _____*s/ William P. McLane*_____
William P. McLane, Esq.
Jonathan M. Carrillo, Esq.

Dated: December 20, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused a copy of the attached Answer to be served on plaintiff's counsel via the Court's CMECF system to Lauren Rayner Davis, Esq., Rottenberg Lipman Rich, PC, Park 80 West Plaza One, 250 Pehle Avenue, Suite 601, Saddle Brook, NJ 07663.


                                                    _s/ William P. McLane_____
                                                    William P. McLane

Dated: December 20, 2023


4877-7051-1768.1 / 088254-1017

-23-